## COOPER v. BROOKLYN TRUST CO.

(Supreme Court, Appellate Division, Second Department.   October 22, 1903.)

1. EXECUTORS AND ADMINISTRATORS—RECOVERY FOR SERVICES RENDERED—
COMPLAINT—ALLEGATIONS.

The allegations of the complaint in an action to recover for services rendered a decedent, which alleged a promise to pay for the services and their value, and which averred that decedent agreed to make compensation therefor by will or otherwise, and that decedent made provision for the payment by a deposit of certain bonds, did not show an election to proceed as if on a performance made by the act of deposit.

Appeal from Trial Term, Kings County.

Action by Alfred Cooper against the Brooklyn Trust Company, as executor of the will of Mary E. Raymond, deceased.   From a judgment dismissing the action, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

James W. Ridgway, for appellant.

William N. Dykman, for respondent.

PER CURIAM.   We think that there should be a new trial.   As the learned trial court said, the evidence put in by the plaintiff showed that the plaintiff had rendered services to the decedent outside of his duties as her courier, and that the decedent had promised payment therefor.   We think that there was some evidence of the value of these services.   The decedent deposited bonds in an envelope in her attempt to fulfill her promise.   There were found in the envelope six bonds, each for $1,000.   We think that such deposit of this amount may be regarded in the light of an admission that the services were reasonably worth that sum of money.   The testimony as to the services, of the character thereof, of the promise to pay therefor, and of the deposit was received without objection under a complaint of services performed at the decedent's instance and request and her promise of payment.   It is true that the plaintiff not only alleges a promise and agreement to pay for the services, but a promise and agreement to make compensation therefor by will or otherwise, coupled with the allegation that the decedent did make provision for payment by the deposit.   But it is not alleged that such deposit was performance, and the plaintiff, by thus pleading, does not elect to proceed as if upon a performance made by such act of deposit.   The plaintiff does not plead that the bonds were his property, nor does he virtually take that position by seeking the recovery thereof.   On the contrary, he declares upon the services, the promise to pay for the services, and the value thereof.   We would not prejudge.   But, as the evidence stood at the close of the plaintiff's case, it is clear that the decedent intended to compensate the plaintiff for his services with six $1,000 bonds, and that her intention was not fulfilled by any change of purpose on her part.   The courts should not be astute to deprive the plaintiff of the trial of his claim by a jury.

The judgment should be reversed, and a new trial ordered; costs to abide the event.